# HENRY BENNETHUM v. LEVI W. BOWERS.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS
OF BERKS COUNTY.

Argued March 4, 1891—Decided March 23, 1891.

(a) The plaintiff in ejectment put in evidence a deed, in his line of title, from "Margaret Rightmyer, late Margaret Bowers, divorced," and the record of a proceeding in equity in which defendant was a plaintiff, wherein a final decree was entered, affirmed by the Supreme Court, establishing the validity of the same deed:

1. In such case, the fact of the divorce of the grantor having been raised and decided in the equity proceeding, both the deed and the record in affirmance of it were properly admitted, and by the latter the defendant was estopped from alleging that the divorce was obtained by fraud, and that the deed was therefore void.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and WILLIAMS, JJ.

No. 333 January Term 1891, Sup. Ct.; court below, No. 33 January Term 1889, C. P.

On December 27, 1888, Henry Bennethum brought ejectment against Levi Wesley Bowers. An order of the court below setting aside the service of the writ having been reversed by the Supreme Court, and a procedendo awarded, Bennethum v. Bowers, 133 Pa. 332, the defendant pleaded not guilty.

At the trial, on September 18, 1890, title to the property in dispute was shown in Elizabeth Rightmyer, under the will of John Homan, Sr., dated August 12, 1842, duly admitted to probate. The plaintiff then offered deed from Elizabeth Rightmyer to Catharine Bennethum, wife of Henry Bennethum, and Margaret Bowers, dated July 6, 1875, conveying the property in dispute, subject to the right of the grantor to live thereon during the term of her natural life; also deed dated March 6, 1878, from "Margaret Rightmyer, late Margaret Bowers, divorced," to Catharine Bennethum, wife of Henry Bennethum,

Statement of Facts.

conveying the same property, subject to right of the grantor to live thereon during her life.*

Objected to, as incompetent and irrelevant, and that there was as yet no evidence that "Margaret Rightmyer, late Margaret Bowers, divorced," was the Margaret Bowers, grantee in the deed from Elizabeth Rightmyer; nor was there an offer to prove that they were the same person, or that "Margaret Rightmyer, late Margaret Bowers, divorced," was a divorced person.

By the court: Counsel for plaintiff stating that they propose to follow with proof of the divorce, objection overruled; exception.[1]

The plaintiff then offered deed dated June 4, 1886, Catharine Bennethum, wife of Henry Bennethum, to Isaac Markley, conveying the same property.

Objected to for the same reasons.

By the court: Objection overruled; exception.[2]

The plaintiff, under objection and exception to the defendant, then put in evidence deed dated June 4, 1886, Isaac Markley to Henry Bennethum, conveying the same property. Evidence was then adduced showing that Elizabeth Rightmyer and Margaret Bowers were mother and daughter respectively, and that both were dead. The plaintiff then offered in evidence the record of a proceeding by bill in equity filed to No. 402 Equity Docket 1886, wherein the defendant and others, children and heirs at law of Margaret Bowers, deceased, were plaintiffs, and Catharine Bennethum, wife of Henry Bennethum, and Henry Bennethum, were defendants, for the purpose of showing that the plaintiff and defendant herein were claiming under a common predecessor in title, to wit, Elizabeth Rightmyer, and as being a decree of the court, affirmed by the Supreme Court,† confirming the deed from Margaret Right-

---

* The character of the rights reserved by these grantors did not clearly appear.

† See Bowers v. Bennethum, 133 Pa. 306. The master's report, not fully copied in the report of that case, on pp. 307–8, shows that the question, whether Jeremiah Bowers and Margaret Bowers, his wife, were divorced, was one of the questions in controversy. Upon the evidence submitted, the master found that a decree of divorce was entered on August 12, 1876, and thereafter Mrs. Bowers assumed and used her maiden name, Margaret Rightmyer. One of the exceptions to the master's report, dismissed by the court below, alleged this finding as error.

Statement of Facts.

myer to Catharine Bennethum, in evidence, and explanatory of that deed, and part and parcel of it.

Objected to, and particularly because the bill in equity referred to was filed against Catharine Bennethum, and not against Henry Bennethum, who at the time thereof had no interest in the property other than as the husband of Catharine Bennethum, the grantee.

By the court: Objection overruled; exception.[3]

➻ The plaintiff resting, the defendant moved that all the plaintiff's evidence commencing with the deed of " Margaret Rightmyer, formerly Margaret Bowers, divorced," to Catharine Bennethum, be stricken out, on the ground that the divorce of Margaret Bowers had not been proved.

By the court: Objection overruled; exception.[4]

The defendant then called Leander Rightmyer, and offered to prove by the witness that Margaret Bowers was his sister; that she was married to Jeremiah Bowers, had children by him, and was his wife up to the time of her death.

Mr. Derr: Objected to by plaintiff: (1) Because in the deed executed by Margaret Rightmyer, being the person contemplated by the offer, to Catharine Bennethum, which deed is in evidence, the said Margaret Rightmyer describes herself as " Margaret Rightmyer, late Margaret Bowers, divorced," and she herself, and those claiming under her, are estopped by her declarations in that deed that she was divorced. (2) Because, in the equity proceeding in evidence, it appears that the defendant in the bill, which he in connection with others filed, declares that the said Margaret Rightmyer was divorced, and he is estopped by that averment, from alleging that there was no divorce. (3) Because the question which is now sought to be raised by this offer, was raised in the equity proceeding, the record of which is in evidence, and was adjudged against the plaintiffs, among whom the defendant was one, and therefore, cannot again be re-opened. (4) If it were a fact that the said question was not raised in that equity proceeding, it could have been raised there, and it was the duty of the defendant to raise all questions touching the validity of the deed at one time and in that proceeding; not having done so, it is too late to raise the question in another proceeding. (5) The offer is generally irrelevant and incompetent.

Mr. Schroeder: Defendant proposes to follow up this offer with evidence that this divorce proceeding was illegal and void, and obtained by fraud, imposition and deceit.

By the court: Objection sustained; exception.[5]

The case being closed on the evidence, the court, ENDLICH, J., instructed the jury to return a verdict for the plaintiff. A verdict for the plaintiff having been taken, and judgment entered thereon, the defendant took this appeal, assigning for error:

1–4. The admission of the plaintiff's offers.[1 to 4]

5. The refusal of the defendant's offer.[5]

*Mr. D. E. Schroeder* for the appellant.

As to the deed of a married woman, not joined in by her husband, counsel cited: Thorndell v. Morrison, 25 Pa. 326; Buchanan v. Hazzard, 95 Pa. 240; Innis v. Templeton, 95 Pa. 262; Kennedy v. Skeer, 3 W. 95; Peters v. Condron, 2 S. & R. 81; Schrack v. Zubler, 34 Pa. 38; Bonaffon v. Peters, 134 Pa. 180; Moody v. Fulmer, 3 Gr. 17; Grant v. Levan, 4 Pa. 393; Black v. Tricker, 52 Pa. 436; Miller v. Holman, 1 Gr. 243; Garber v. Doersom, 117 Pa. 162. As to the conclusiveness of the decree in equity: Hibshman v. Dulleban, 4 W. 183; Kelsey v. Murphy, 26 Pa. 78: Williams v. Row, 62 Pa. 118.

*Mr. Cyrus G. Derr*, for the appellee, was not heard.

As to the conclusiveness of the decree in equity, the brief filed cited: Westcott v. Edmunds, 68 Pa. 34; Harris v. Harris, 36 Barb. 88; Clemens v. Clemens, 37 N. Y. 59; Freeman on Judgments, § 249.

PER CURIAM:

We are unable to find error in the admission of the deeds referred to in the first and second assignments, or the record of the equity suit referred to in the third. The decree in the latter was in affirmance of the deed from Margaret Rightmyer to Catharine Bennethum. It was explanatory of that deed, and a part of the plaintiff's title. With the death of Elizabeth Rightmyer and Margaret Bowers, the plaintiff was clearly entitled to recover. The case does not need elaboration.

Judgment affirmed.